**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Bruce POWELL, Defendant—
Appellant.**

No. 03–30364.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 6, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Darla J. Mondou, Esq., Upton, MA, for Defendant–Appellant.

Before: GOULD, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM **

After trial by jury, Bruce Powell was convicted of distribution and possession with intent to distribute diazepam and morphine in violation of 21 U.S.C. § 841(a), and of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Powell argues that the prosecution presented insufficient evidence to prove his guilt under § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.[1]

▮ To support a conviction under § 924(c), the government must prove that the defendant: 1) used or carried a firearm; 2) during and in relation to a drug trafficking crime. *Smith v. United States*, 508 U.S. 223, 227–28, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); *United States v. Aqui-*

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1] We review de novo a claim that insufficient evidence supports a conviction under § 924(c). *United States v. Mann*, 389 F.3d 869, 874 (9th Cir.2004). In considering a challenge based upon sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir.2004) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

*no,* 242 F.3d 859, 866–67 (9th Cir.2001). To meet this second element, it is sufficient that the firearm "facilitate[d] or ha[d] the potential of facilitating the drug trafficking offense." *Smith,* 508 U.S. at 238, 113 S.Ct. 2050 (internal quotation and alterations omitted); *see also Krouse,* 370 F.3d at 967. In other words, the presence or involvement of the firearm "cannot be the result of accident or coincidence." *Smith,* 508 U.S. at 238, 113 S.Ct. 2050.

■ Here, Powell admits that he carried a loaded .22–caliber derringer handgun "during" the sale of diazepam and morphine to Richard Wall, an informant, and Rick Vaughn, an undercover officer with the Fergus County Sheriff's Department on November 1, 2001. However, Powell argues that the government has failed to prove that he carried the firearm "in relation to" the drug transaction. Specifically, Powell contends that he had gone hunting earlier in the day on November 1, 2001 and had forgotten that the handgun was in his back pants pocket.

We reject this argument. A rational jury could have determined that it was no accident that Powell carried the derringer in his pocket during the drug transaction. At trial, Montana Department of Justice Agent Stephen Spanogle testified that, although Powell at first denied carrying a firearm, he thereafter admitted that he had a gun in his back pants pocket. A search of Powell's person revealed a loaded, double-barreled, .22–caliber derringer handgun, and that firearm was admitted in evidence. Spanogle also testified that he believed Powell was aware of the gun before the search. In addition, informant Wall testified that Powell was consistently armed on each prior occasion when Wall had seen Powell in possession of drugs. Wall also testified that he was fearful during the drug sale that led to Powell's conviction because Wall "didn't have a bullet-

proof vest on," which a jury could consider as evidence that Powell carried the gun during the drug sale with illicit purpose.

The record contains sufficient evidence to sustain Powell's conviction under § 924(c). A rational trier of fact could find, based upon the testimony of Wall and Spanogle, that Powell knew that he was carrying the .22–caliber derringer handgun during and in relation to the illegal sale of diazepam and morphine to Wall and Vaughn. The jury could also reasonably discredit the defense theory that Powell used the .22–caliber derringer while hunting and that he had forgotten the handgun in his back pocket. Viewing the evidence in the light most favorable to the prosecution, sufficient evidence supports the conclusion that the handgun carried by Powell "facilitate[d] or ha[d] the potential of facilitating the drug trafficking offense." *See Smith,* 508 U.S. at 238, 113 S.Ct. 2050 (internal quotation and alterations omitted).

AFFIRMED.