**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John Morgan MEEKS, Defendant—**
**Appellant.**

**No. 05–30264.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Feb. 9, 2006.

---

1. We do not give a full recitation of the facts because the parties are already familiar with them.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

Before: KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,** District Judge.

MEMORANDUM ***

John Morgan Meeks appeals his conviction and sentence for being a felon in

** The Honorable Edward Rafeedie, Senior District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). We affirm.

Meeks first argues that the jury did not have sufficient evidence to convict him of possession of the firearm and ammunition. The evidence at trial demonstrated that the firearm and ammunition in question were found in a bedroom of Meeks's residence. The case containing the firearm had Meeks's name and social security number written on it in permanent marker. Two vitamin bottles containing ammunition were discovered inside the case, along with receipts for the ammunition. The bottles and receipts also had Meeks's name written on them. One of the receipts had his fingerprint on it. On this record, a rational trier of fact could have found the essential elements beyond a reasonable doubt.[1]

Meeks next argues that the district court improperly considered his 1965 and 1971 Missouri burglary convictions as predicate offenses for the purpose of enhancing his sentence under 18 U.S.C. § 924(e). Because the relevant 1965 Missouri burglary statute contains all the generic burglary elements and is no broader than the generic definition pronounced in *Taylor v. United States,*[2] the 1965 offense was properly considered a predicate offense. A review of the judgment, plea colloquy, and text of the Second Amended Information from Meeks's 1971 burglary conviction establishes that this conviction was properly considered a predicate offense for purposes of § 924(e) because this burglary conviction falls squarely within the generic definition of burglary.[3]

Meeks's next argument is that the government was collaterally estopped from seeking to enhance his sentence under § 924(e) due to a 1994 plea agreement in the Eastern District of Washington. We disagree. The 1994 agreement not to seek the enhancement was limited to that case and did not forever preclude the government from seeking such enhancements in the future.

Lastly, Meeks argues that the warrant to search his residence was not supported by probable cause or, in the alternative, was overbroad. The threatening nature of Meeks's communications to officers and employees of the United States government, his prior felony conviction for the illegal possession of a firearm, and the likelihood that threats to do violence to others will often be accompanied by the means to carry out those threats, taken together, create a "fair probability" that a search of Meeks's residence would uncover contraband, including weapons, or other evidence of a crime.[4] Under the factors identified in *United States v. Noushfar*, 78 F.3d 1442, 1447 (9th Cir.1996), the warrant was sufficiently specific.

**AFFIRMED.**

---

1. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir.), *cert. denied*, 543 U.S. 988, 125 S.Ct. 513, 160 L.Ed.2d 373 (2004).

2. *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

3. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc).

4. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994).