MEMORANDUM **
Federal prisoner Herman Wade Malone, Jr., appeals pro se from the district court’s judgment denying his motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see United States v. Rodrigues, 347 F.3d 818, 823 (9th Cir.2003), and we affirm.
Malone contends his trial and appellate attorneys provided ineffective assistance by failing to challenge the sufficiency of the evidence for the charge of carrying a firearm in connection to drug trafficking, in violation of 18 U.S.C. § 924(c). To demonstrate ineffective assistance of counsel, appellant must establish both that his counsel’s performance was deficient and that he was prejudiced as a result. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming both attorneys were deficient in failing to challenge the § 924 conviction, we conclude that appellant failed to show prejudice. In light of the evidence, Malone cannot show that no reasonable juror could have found the government met its burden of proof. See United States v. Krouse, 370 F.3d 965, 967-68 (9th Cir.2004). Thus, this contention fails.
Malone also contends he received ineffective assistance of counsel because his trial counsel failed to request an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). However, Malone has failed to show that any allegedly false statement in the affidavit supporting the issuance of the search warrant would have been material to a finding of probable cause. He therefore has failed to show that counsel’s performance was deficient and that he suffered prejudice from counsel’s failure to request a Franks hearing. See United States v. Bishop, 264 F.3d 919, 925-26 (9th Cir.2001) (holding informant’s personal knowledge that defendant possessed drugs, combined with police corroboration, may support finding of probable cause); United States v. Oplinger, 150 F.3d 1061, 1071-72 (9th Cir.1998) (holding counsel not ineffective for failing to press claims and make objections that lacked merit).
Finally, Malone contends his trial counsel failed to inform him that he might receive a downward adjustment for acceptance of responsibility by pleading guilty to the charges in the indictment. Even assuming this to be deficient performance by Malone’s attorney, Malone failed to show there was a reasonable probability that he would have pled guilty and received a more lenient sentence but for his attorney’s failure to inform him of the possibility of a reduction in sentence. See Young v. Runnels, 435 F.3d 1038, 1043-44 (9th Cir.2006).
Malone does not contend on appeal that the district court erred in failing to hold an evidentiary hearing. That certified issue *860 is therefore waived. See Castillo v. McFadden, 399 F.3d 993, 997 n. 2 (9th Cir.2005).
To the extent that appellant raises uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. See 9th Cir. R. 22-1(e); Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.