**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Luis PEREZ–LOPEZ,
Defendant—Appellant.**

No. 06–10110.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2007.*

Filed Dec. 18, 2007.

David P. Petermann, Esq., Office of the U.S. Attorney, Evo A. Deconcini U.S., Tucson, AZ, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Randolfo V. Lopez, Esq., Tucson, AZ, for Defendant–Appellant.

Before: BRIGHT,** FARRIS, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Jose Luis Perez–Lopez appeals his conviction under 18 U.S.C. § 924(c)(1)(A). He argues that the evidence, viewed in the light most favorable to the prosecution, is insufficient for any rational trier of fact to conclude he carried or possessed a firearm in relation to or in furtherance of an admitted drug trafficking crime. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (reciting the standard of review). Perez–Lopez also argues that the district court abused its discretion when it denied him a "mere presence" jury instruction. We affirm.

█ The jury had to find beyond a reasonable doubt that Perez–Lopez: (1) trafficked drugs; (2) carried or used a gun, or possessed a gun; and, (3) carried or used a gun "during and in relation to [the] ... drug trafficking crime" or possessed the gun in furtherance of the drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). Perez–Lopez's guilty plea to marijuana trafficking satisfies the first element. The record supports the trier fact's conclusion that Perez–Lopez both carried a gun while trafficking drugs and possessed a gun in fur-

therance of trafficking drugs. *See Carranza,* 289 F.3d at 641–42.

To establish that Perez–Lopez possessed a gun in furtherance of the trafficking crime, or carried the gun while trafficking drugs, the government was required to show "a *specific* 'nexus' between the *particular* firearm and the *particular* drug crime at issue." *United States v. Hector,* 474 F.3d 1150, 1157 (9th Cir.2007) (emphasis in original). The record demonstrates the required nexus. Perez–Lopez possessed a gun that was next to him in a truck carrying 5,000 pounds of marijuana through a region where guns are frequently used to defend drug shipments, and admitted that he was told that the gun was there to help defend the shipment. *See United States v. Krouse,* 370 F.3d 965, 968 (9th Cir.2004) (finding a sufficient nexus where firearms were "strategically located within easy reach in a room containing a substantial quantity of drugs and drug trafficking paraphernalia."); *but see United States v. Mann,* 389 F.3d 869, 880 (9th Cir.2004) (finding the evidence insufficient to convict under § 924(c)(1)(A) where the firearms were kept in a locked safe in a truck separated from the drug manufacture site).

█ The government did not seek a conviction based on Perez–Lopez's mere presence, and the district court properly rejected this proposed jury instruction. *See United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992) ("If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is

---

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

unnecessary." (citation omitted)). With the jury properly instructed on all elements of the crime, the mere presence instruction was superfluous.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.