UNITED STATES of America, Plaintiff—Appellee,

v.

Isidro Rivera MEJIA, Defendant— Appellant.

United States of America, Plaintiff—Appellee,

v.

Ismael Rodriguez, aka Mayel; Franco; Paisa; Amigaso, Ismael Oregon Rodriguez; Ismael Rodriguez Oregon, Defendant—Appellant.

Nos. 06–50603, 07–50036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2008.

Filed Aug. 21, 2008.

Michael J. Raphael, Esquire, Assistant U.S. Attorney, Mark Anthony Young, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Richard D. Rome, Esquire, Law Offices of Richard D. Rome, Van Nuys, CA, James M. Crawford, Esquire, Orange, CA, for Defendant–Appellant.

Ismael Rodriguez, Safford, AZ, pro se.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

## MEMORANDUM **

Defendant-appellant Isidro Mejia appeals from a judgment of conviction and sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The judgment was entered in the District Court on October 17, 2006, following a jury trial and Mejia's unsuccessful motion for acquittal. Mejia claims that (1) the District Court erred by precluding him from presenting evidence that the cocaine and gun seized during his arrest were destroyed prior to trial; (2) the District Court erred by preventing him from moving to suppress the cocaine and the gun after trial had commenced; (3) trial counsel was constitutionally ineffective for failing to timely raise the suppression issue; (4) there was insufficient evidence to convict him of the section 924(c) offense; and (5) his 211–month sentence was not reasonable.

Defendant-appellant Ismael Rodriguez appeals from the 240–month sentence, entered in the District Court on January 23, 2007, imposed upon him following his guilty plea to conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2(a), and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Rodriguez claims that the District Court erred in considering at sentencing his admissions during a safety valve meeting

with the government that he distributed between 800 and 1,000 kilograms of cocaine and over 60 kilograms of methamphetamine during the course of the charged drug conspiracy.

## I. *Mejia*

During a traffic stop on October 23, 2003 that led to Mejia's arrest, a California Highway Patrol officer found, in a hidden compartment in the rear of Mejia's vehicle, 19 kilograms of cocaine and a sock containing a handgun and a loaded magazine. Prior to Mejia's trial, the drugs and the gun were destroyed by the San Bernardino Sheriff's Office based on a mistaken belief that the case had been closed. Prior to trial, the government successfully moved to preclude Mejia from introducing evidence that the gun and drugs were destroyed. Mejia argued that the seized evidence was exculpatory and that it was necessary to establish chain of custody. On appeal he claims that he was denied a fair trial.

We review for abuse of discretion a District Court's decision admitting or excluding evidence. *United States v. Decoud,* 456 F.3d 996, 1010 (9th Cir.2006). To establish a due process violation based on the destruction of evidence, a defendant must show (1) that the officers acted in bad faith; and (2) that the destroyed evidence "both possess[ed] an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Mejia has shown none of the foregoing. Moreover,

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

during the two-year period between the seizure of the evidence and his trial, Mejia never sought to inspect the drugs or the gun for any purpose. The government proved the drugs and gun through officer testimony, and Mejia did not challenge that they were, in fact, drugs and a gun. The District Court did not abuse its discretion when it precluded Mejia from raising the issue of the destruction of the evidence.

Mejia also claims that the District Court did not allow him to file a motion to suppress the cocaine and the gun because of an alleged Fourth Amendment violation. The record, however, belies this claim. Although defense counsel did not raise the issue until the first day of trial, the District Court allowed counsel to make the motion the following morning. No suppression motion was ever filed. Mejia's claim is without merit.

Mejia further claims that his trial counsel was constitutionally ineffective for failing to raise the suppression issue until after the jury was empaneled. Mejia's ineffectiveness claim is not suitable for consideration on direct appeal because (1) the record is not sufficiently developed to allow this Court to address the merits of the claim, and (2) the representation at trial was not so inadequate that Mejia was obviously denied his Sixth Amendment right to counsel. *See United States v. Benlian,* 63 F.3d 824, 826 n. 3 (9th Cir. 1995).

■ Mejia claims that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of the drug trafficking crimes. We disagree. The sock containing both the gun and the loaded magazine was found directly on top of the 19 kilograms of cocaine. A reasonable juror could have found beyond a reasonable doubt that there was sufficient "proof that [Mejia] possessed the weapon to promote or facilitate the" distribution of the 19 kilograms of cocaine. *See United States v. Krouse,* 370 F.3d 965, 967 (9th Cir.2004).

■ Mejia also claims that the evidence was insufficient to support his conviction for possession with intent to distribute and his conviction for conspiracy under 21 U.S.C. §§ 841(a)(1) and 846 respectively. The evidence shows, however, that government agents intercepted telephone calls in which Zecto Ayala, Mejia's codefendant, told Ismael Rodriguez that he and his "driver" would come to Rodriguez's house to pick up drugs. These phone calls correspond with law enforcement agents' observation of Ayala and Mejia in a car en route to Rodriguez's home. Mejia was observed in the car, which he owned and insured, as it entered Rodriguez's home and was later observed driving out of Rodriguez's garage. This evidence, when viewed in the light most favorable to the prosecution, is sufficient to support convictions on both the possession with intent to distribute and the conspiracy counts. *See, e.g., United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir.1997) ("Culpable intent can be inferred from the defendant's conduct and from the surrounding circumstances.").

Finally, Mejia claims that his sentence is substantively unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Mejia does not allege any procedural error by the District Court, and he fails to offer any basis upon which this Court might conclude that his sentence of 211 months—at the low end of the applicable Guidelines range—is unreasonable.

Accordingly, Mejia's conviction and sentence are affirmed.

II. *Rodriguez*

Rodriguez pled guilty to conspiring to possess with intent to distribute and to

distributing at least 50 kilograms of cocaine and at least 15 kilograms of methamphetamine. On November 28, 2006, Rodriguez met with the government for a proffer in order to qualify for the safety valve reduction under U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2. At the meeting, Rodriguez admitted to having distributed between 800 and 1, 000 kilograms of cocaine and 60 kilograms of methamphetamine.

■ Rodriguez claims that the District Court erred when it considered the statements he made during the safety valve proffer during its consideration of the section 3553(a) factors. As support for his argument, Rodriguez cites to U.S.S.G. § 1B1.8, which provides, in pertinent part:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

We conclude that the District Court committed no error and did not run afoul of U.S.S.G. § 1B1.8. The government never agreed not to use information that Rodriguez provided at the proffer session. Rodriguez's sentence is affirmed.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.