**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lashawn Jermaine JOHNSON,
Defendant—Appellant.**

No. 07–30163.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2008.

Filed March 16, 2009.

584

Ryan M. Archer, Esquire, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

David F. Ness, Esquire, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: PREGERSON, CANBY and NOONAN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM** *

Lashawn Jermaine Johnson ("Johnson") appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Johnson also appeals the 420–month sentence imposed for his convictions on drug possession and conspiracy charges under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The parties are familiar with the facts, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, affirm Johnson's conviction, and remand to the district court for resentencing.

■ Johnson argues that although he possessed a gun and committed a drug crime, there is no evidence that he used the firearm in furtherance of the drug crime. We must determine de novo, viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found the elements of the 18 U.S.C. § 924(c) firearms offense beyond a reasonable doubt. *See United States v. Mosley*, 465 F.3d 412, 415 (9th Cir.2006). Though mere possession of a firearm is insufficient to convict under 18 U.S.C. § 924(c)(1)(A), there is sufficient evidence of intent to use a firearm in furtherance of a crime when there is a nexus between the guns and the underlying offense. *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir.2006). This court has repeatedly upheld convictions under 18 U.S.C. § 924(c)(1)(A) where readily-accessible firearms are stored in close proximity to drugs. *United States v. Lopez*, 477 F.3d 1110 (9th Cir.2007); *United States v. Hector*, 474 F.3d 1150 (9th Cir.2007). This court has found a sufficient nexus to uphold a conviction even where drug sales

are not conducted from the storage site. *United States v. Krouse,* 370 F.3d 965 (9th Cir.2004). Here, Johnson stored the gun, along with an additional loaded magazine within arm's reach of large quantities of drugs, and twice threatened to shoot people in connection with drug transactions. Because a reasonable factfinder could have found Johnson guilty, we affirm his conviction under 18 U.S.C. § 924(c)(1)(A).

■ The government concedes error in its failure to specifically allege "crack," rather than "cocaine base," in Johnson's indictment. *See United States v. Hollis,* 490 F.3d 1149, 1155 (9th Cir.2007). However, a "defendant is entitled to relief only if the sentencing error in his case is not harmless." *Butler v. Curry,* 528 F.3d 624, 628 (9th Cir.2008). Here, there was overwhelming, uncontradicted evidence that the substance in question was crack. Several witnesses testified that the substance was crack, including co-conspirators and law enforcement officials.[1] Due to the overwhelming evidence that the cocaine base at issue was crack, any error was harmless. *See Hollis,* 490 F.3d at 1157.

■ The district court imposed a two-level enhancement under U.S.S.G. § 3B1.1(c) for Johnson's supervisory role. We review the district court's finding that Johnson was a supervisor for clear error. *United States v. Rivera,* 527 F.3d 891, 908 (9th Cir.2008). A defendant "need exercise authority over only one of the other participants to merit [a sentence] adjustment." *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000). Johnson asked Shutz to sell drugs, provided her

with a supply, and suggested a profit target. Johnson arranged couriers' travel, and received drug proceeds in cash and via wire transfers. The district court did not clearly err in concluding that Johnson had a supervisory role.

■ Johnson argues that the district court erred by finding him responsible for over 1.5 kilograms of crack. We review the district court's findings of fact for clear error and application of the sentencing guidelines to the facts of a case for abuse of discretion.[2] *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). The record does not conclusively establish the exact amount of crack attributable to Johnson. Trial testimony from Heather Schutz and a drug courier suggested a figure close to 1.8 kilograms of crack. The district court found a lower figure of 1.55 kilograms. Considering the nature of the evidence presented, it was not clear error for the district court to find Johnson responsible for over 1.5 kilograms of crack.

The government concedes that a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) is not appropriate where, as here, a defendant is also convicted under 18 U.S.C. § 924(c) for possession of a firearm for use in a drug trafficking crime. *See United States v. Aquino,* 242 F.3d 859, 864 (9th Cir.2001). We therefore vacate Johnson's sentence and remand to the district court for resentencing under the new sentencing guidelines.

Accordingly, we AFFIRM Johnson's conviction under 18 U.S.C. § 924(c)(1)(A),

---

1. Even a single small shipment, such as the four ounces of crack that Johnson personally delivered to Heather Shutz, is sufficient to meet the fifty gram quantity required to trigger the minimum sentence provision of 21 U.S.C. § 841(b)(1)(A)(iii).

2. This court has noted an intracircuit split on the proper standard of review of an application of facts to the sentencing guidelines. *United States v. Rivera,* 527 F.3d 891, 908 (9th Cir.2008). As in *Rivera,* however, our decision would be the same under either abuse of discretion or de novo review.

VACATE the 420–month sentence, and REMAND for resentencing in accordance with this disposition.