**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10434 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01509-FJM-1 |
| v. | |
| ARNOLDO ZAZUETA-MIRANDA, AKA Lolo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 5, 2012[**]
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Defendant-Appellant Arnoldo Zazueta-Miranda appeals his conviction and

sentence. Defendant was convicted of conspiracy to possess with intent to

distribute controlled substances in violation of 21 U.S.C. § 846; conspiracy to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

import controlled substances in violation of 21 U.S.C. § 963; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); two counts of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii); possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 841(b)(1)(A)(viii); and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). On appeal, Defendant contends that there was insufficient evidence to prove he possessed a firearm in furtherance of the drug-trafficking offenses and that his sentence was unreasonable.

The government presented sufficient evidence to allow a reasonable jury to conclude that Defendant possessed a firearm in furtherance of the drug-trafficking crimes. Defendant constructively possessed the firearms because the evidence showed a sufficient connection between Defendant and the firearms, supporting the inference that Defendant exercised dominion and control over the firearms. *See United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011). The firearms were found in the stash house, from which Defendant departed moments before his arrest. At the stash house agents found new clothing and shoes; the evidence supports the inference that Defendant supplied these items. The evidence showed

2

that Defendant was the leader of the drug-trafficking organization and exercised authority over his codefendants. Because Defendant was responsible for the members of the organization, the drugs, and the money, the jury could infer that he also was in charge of the rest of the contents of the stash house, including the firearms. *See United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009) ("A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found." (quoting *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002))).

Defendant's argument that there was no evidence that he owned or had touched the firearms or that anyone had ever seen him with the firearms is unavailing. The government did not need to show ownership or actual possession. *See Vasquez*, 654 F.3d at 886. We also reject Defendant's claim that his co-conspirator admitted ownership of the firearms. Defendant can possess a gun owned by someone else, and it is possible for both co-conspirators to jointly possess the weapons. The government did not need to prove exclusive possession. *See United States v. Cervantes*, 219 F.3d 882, 893 (9th Cir. 2000), *abrogated on other grounds by Brigham City, Utah v. Stuart*, 547 U.S. 398 (2006). The government introduced sufficient evidence to allow a reasonable jury to find that Defendant constructively possessed the firearms.

3

The evidence also showed Defendant possessed the firearms "in furtherance of" the drug-trafficking offenses. The firearms were found in the stash house near a large quantity of drugs, drug paraphernalia, and amounts of U.S. currency. "[T]he proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities" shows that the guns were sufficiently connected to the drug-trafficking enterprise. *United States v. Hector*, 474 F.3d 1150, 1157 (9th Cir. 2007) (citing *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004)). The government proved both elements challenged by Defendant and introduced sufficient evidence to allow a reasonable jury to find that Defendant possessed the firearms in furtherance of the drug-trafficking crimes.

Defendant next contends that his sentence was unreasonable because the district court (1) disregarded some factors in 18 U.S.C. § 3553(a); (2) did not grant an adjustment for acceptance of responsibility; and (3) imposed a sentence that was disproportionately harsh compared to Defendant's co-conspirators.

The district court did not err by not reciting and applying each of the § 3553(a) factors. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors . . . ." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

4

Here, the district court said that it had considered the PSR, the addendum to the report, and its recommendations; the advisory Guidelines range; Defendant's objections to the PSR and the government's response; the sentencing memoranda of both parties; Defendant's criminal history; and the § 3553(a) factors. The district court sufficiently explained its reasons, and the sentence was not unreasonable.

Defendant also contends that he should have been granted an adjustment for acceptance of responsibility. But the two-level decrease for acceptance of responsibility is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 (2010); *see also United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004). Before trial, Defendant rejected the government's proposed plea agreement, and at trial, he contested the factual elements that the government attempted to prove. Defendant only claimed responsibility after he was found guilty. The district court did not clearly err in denying the reduction. *See id*.

Defendant further contends that his sentence was unreasonable because it is disproportionate to his co-conspirators' sentences. The district court, however,

explicitly crafted a sentence that would be "faithful to co-defendant proportionality within this case." The court found that Defendant "was very plainly a leader" in the organization and not an "average participant." And unlike his co-conspirators, Defendant was charged with a firearm offense. *See United States v. Caperna*, 251 F.3d 827, 830–31 (9th Cir. 2001) (holding that the "barometer for judging the disparity" between sentences must be a codefendant convicted of the same offense as the defendant). Defendant was not similarly situated to his codefendants. Defendant's sentence was "substantially greater than [that] imposed on anyone else because of his greater role." The district court "exercised sound discretion to ensure the punishment fit the crime by weighing the seriousness of the offense with all the mitigating factors and sentenced [Defendant] to a significantly below-Guidelines term of imprisonment." *Vasquez*, 654 F.3d at 886 (internal quotation marks omitted). We hold that Defendant's sentence was reasonable.

**AFFIRMED.**