**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 02 2013

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30078 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05810-RBL-1 |
| v. | |
| BILLY MIRANDA FLORES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 7, 2013
Seattle, Washington

Before: ALARCÓN, GILMAN[**], and IKUTA, Circuit Judges.

Billy Miranda Flores ("Flores") was convicted of conspiracy to distribute

oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; three counts

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession with intent to distribute methadone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and one count of possession of a firearm in furtherance of possession with intent to distribute methadone, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Flores to 240 months imprisonment—180 months for the drug charges and 60 months for the firearm charge, imposed consecutively. He appeals his conviction on the firearm charge and his sentence. In this memorandum disposition, we consider only Flores's challenges to his conviction for possession of a firearm in furtherance of the methadone charge. In a concurrently filed opinion, we address Flores's separate challenges to his sentence. *See United States v. Flores*, \_\_F.3d\_\_ (9th Cir. 2013). We recite here only the facts necessary to explain our memorandum decision. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the judgment of conviction.

I

Flores first contends the district court erred in admitting the testimony of a law enforcement agent that drug traffickers often carry guns for protection. We disagree.

The record indicates that the Drug Enforcement Administration ("DEA") agent testified as a lay witness, not as an expert witness, and that he testified based on his experience, which is a proper basis for lay opinion testimony. *See* Fed. R. Evid. 701 advisory committee's note (2000) (discussing distinction between lay and expert opinion testimony). We review admission of lay opinion testimony for abuse of discretion. *United States v. Martinez*, 657 F.3d 811, 818–19 (9th Cir. 2011). Rule 701 of the Federal Rules of Evidence provides that lay opinion testimony is limited to opinions: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

The DEA agent's testimony satisfies each of the requirements of Rule 701 of the Federal Rules of Evidence. First, the agent was familiar with drug investigations and firearms, and his testimony was rationally based on his personal knowledge and first-hand observations from previous drug investigations. *See Martinez*, 657 F.3d at 818–19 (upholding admission of lay testimony by a former member of the Mexican Mafia on the meaning of coded communications because "[f]rom long experience in writing notes for the organization, the witness had the

3

'personal knowledge' required by" the Federal Rules of Evidence); *United States v. Durham*, 464 F.3d 976, 982–83 (9th Cir. 2006) (allowing lay testimony that a substance the witness observed being used was marijuana). Second, the DEA agent's testimony was helpful to "the determination of a fact in issue," *i.e.*, whether Flores used a firearm "in furtherance of" a drug offense or, as Flores testified at trial, merely held the gun as collateral for a money loan to his father. Fed. R. Evid. 701(b); *see also United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (citing Fed. R. Evid. 701(a), (b)). Finally, the agent's observation that drug traffickers often possess weapons for protection is common enough and requires such limited expertise that it is admissible under Rule 701. *See VonWillie*, 59 F.3d at 929 (upholding admission of an officer's lay testimony that it is common for drug traffickers to possess and use weapons to protect their drugs and to intimidate buyers). We are persuaded that the district court acted within its discretion in admitting the DEA agent's testimony.

## II

Flores next argues that the evidence presented to the jury was not sufficient to support his conviction for possession of a firearm in furtherance of the methadone count. We disagree.

Where, as here, a defendant fails to move for acquittal during trial, our review is limited to plain error or to prevent manifest injustice. *United States v. Singh*, 532 F.3d 1053, 1056–57 (9th Cir. 2008); *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003). "The evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007) (citation, emphasis, and internal quotation marks omitted).

To prove that Flores possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A), the Government was required to show that: (1) Flores possessed methadone with intent to distribute it; (2) Flores possessed the firearm; and (3) Flores's possession of the firearm was "in furtherance" of the drug trafficking crime. *United States v. Mosley*, 465 F.3d 412, 415 (9th Cir. 2006).

Here, Flores contests only whether the evidence at trial sufficiently established the "in furtherance" element. The "in furtherance" element "requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime," a question that "turns on the intent of the defendant." *United States v. Krouse*, 370 F.3d 965, 967, 968–69 (9th Cir. 2004) (holding that five

5

high-caliber firearms and ammunition found in close proximity to and strategically located near substantial evidence of drug trafficking were sufficient to support the defendant's § 924(c) conviction). That intent can be inferred "when facts in evidence reveal a nexus between the guns discovered and the underlying offense." *Id.* at 968. "Whether the requisite nexus is present may be determined by examining, *inter alia*, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006) (citing *Krouse*, 370 F.3d at 968).

Here, there was a sufficient nexus between the firearm and the methadone charge to sustain the jury's verdict. First, the jury found Flores guilty of possessing a distributable amount of methadone, which was discovered in a safe in Flores's office just one foot away from the firearm. Furthermore, the firearm was readily accessible because it was located in an unlocked drawer and was loaded. In addition, the firearm was discovered in Flores's office, which several witnesses testified was the primary site, or "locus," of Flores's drug trafficking operations. Finally, a codefendant testified that Flores possessed a gun on at least one occasion while dealing drugs and encouraged him to carry a weapon to protect himself while dealing drugs for Flores. Another codefendant testified that Flores told him there

6

was a gun in the drawer of Flores's desk if the codefendant encountered any problems while dealing drugs out of Flores's office.

This independent evidence, coupled with Flores's testimony at trial, forms an adequate basis for the jury's verdict. *See United States v. Kenny*, 645 F.2d 1323, 1346 (9th Cir. 1981) ("When the defendant elects to testify, he runs the risk that if disbelieved, the trier of fact may conclude that the opposite of his testimony is the truth." (citing *United States v. Martinez*, 514 F.2d 334, 341 (9th Cir. 1975); *United States v. Chase*, 503 F.2d 571, 573 (9th Cir. 1974))). Viewing the evidence in the light most favorable to the prosecution, the district court did not plainly err in failing to dismiss the § 924(c)(1)(A) count for lack of evidence.

The judgment of conviction is **AFFIRMED**.