NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30081 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 9:19-cr-00043-DWM-1 |
| | 9:19-cr-00043-DWM |
| ALLAN ROY GOODMAN, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 5, 2021[**]
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and SILVER,[***] District
Judge.

In 2020, Defendant Allan Roy Goodman was convicted of five drug

offenses, one firearm offense, and one count of obstructing justice. Defendant

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

appeals the district court's rejection of his proposed jury instruction, allowance of leading questions, and denial of a continuance of trial. Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

Defendant's proposed jury instruction regarding the possession of a firearm in furtherance of a drug trafficking crime charge was synonymous with the district court's given instruction. *See United States v. Krouse*, 370 F.3d 965, 967–68 (9th Cir. 2004). Thus, the given instruction adequately encompassed his defense theory and there is no basis for relief. *See United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015).

Federal Rule of Evidence 611(c) "vests broad discretion in trial courts" to permit leading questions on direct examination, and reversal is proper "only if the judge's action . . . amounted to, or contributed to, the denial of a fair trial." *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 514 (9th Cir. 1989), *as amended on denial of reh'g and reh'g en banc* (Sept. 19, 1989) (citation and internal quotations omitted). Because the witness, a stroke victim, repeatedly displayed emotion and reluctance to testify, and the leading questions were limited in scope, permitting those questions was within the district court's discretion.

Defendant appeals the district court's denial of a continuance of trial. Defendant failed to show prejudice, which is required to find error. *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010).

**AFFIRMED.**