**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30142 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00304-BLW-1 |
| v. | |
| DAVID WILLIAM FISCHER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted July 10, 2020
Submission Vacated August 3, 2020
Resubmitted February 9, 2023
Portland, Oregon

Before: M. MURPHY,[**] BENNETT, and MILLER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Defendant David Fischer appeals his jury conviction and sentence for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm. Because the parties are familiar with the facts and the procedural history of this case—and we have laid out some facts in a previous order—we recount them only as necessary to explain our disposition.

1.      Fischer contends that the district court erred in denying his motion to suppress. We review the denial of a motion to suppress de novo and the underlying factual findings for clear error. *United States v. Perea-Rey*, 680 F.3d 1179, 1183 (9th Cir. 2012). Fischer was arrested in the doorway of his hotel room after an hour-long standoff with police officers who had been surveilling him. After taking Fischer into custody, police officers entered the hotel room and searched the hotel's bedroom and bathroom. The district court had previously determined that the bedroom "immediately adjoined" the doorway where Fischer was arrested, meaning that "an attack could be immediately launched" from it and the police officers' warrantless search of it was a permissible protective sweep. *Maryland v. Buie*, 494 U.S. 325, 334–36 (1990).

2

We remanded to the district court for the limited purpose of determining whether the police officers' search of the hotel room's *bathroom* also fell within the protective sweep exception, and, if so, whether the two items of evidence seized from the bathroom were discovered in plain view as a part of such search. We allowed the district court to make any additional necessary factual findings.

The district court determined that the "officers were . . . entitled to conduct a protective sweep of the bathroom," and that the two items recovered from the bathroom—a plastic baggy and a shard of methamphetamine—were admissible under the plain view doctrine.

The district court found that the area of arrest included the hotel room's bedroom itself, and that the bathroom "'immediately adjoined' the area of arrest." The court also found that prior to entering the hotel room, the officers did not know how many individuals beside the defendant, if any, were inside. After the officers arrested Fischer in the doorway of the room, they discovered Tymilynn Uhl in the hotel room. The court also found "[a]nother person could have easily been hiding in the bathroom." The court found that for these reasons, "it was permissible for officers to conduct a protective search incident to arrest to ensure that no one was hiding within."

We agree. Fischer was on parole for aggravated assault, had a history of drug offenses, and was wanted on a parole violation warrant. There had been a

lengthy standoff with Fischer barricaded in the hotel room. The officers did not know what they would find in the hotel room's bedroom or bathroom, and they acted reasonably in conducting a protective sweep to make sure no one else posed a danger to them. Thus, as the district court found, the officers were entitled to conduct a search of the bathroom as a "space[] immediately adjoining the place of arrest from which an attack could be immediately launched." *United States v. Lemus*, 582 F.3d 958, 962 (9th Cir. 2009) (quoting *Buie*, 494 U.S. at 334).

The district court also found that both the shard of methamphetamine and the baggy were in plain view when officers entered the bathroom, and that the incriminating nature of both was immediately apparent to the officers. The court found that the plastic baggy in the trashcan was visible even from the bedroom, once the bathroom door was opened to let a dog out. And inside the bathroom, the toilet lid was open, and the shard of methamphetamine was floating in the bowl. The district court did not err in making its factual determinations, much less clearly err. Since the items were in "plain view" and their incriminating nature was immediately apparent, the officers could seize them under the "plain view" doctrine. *Horton v. California*, 496 U.S. 128, 136–37 (1990).

2.     Fischer also argues that the district court erred in denying his Rule 29 motion based on the supposed insufficiency of the evidence. We review a Rule 29 motion de novo. *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th

4

Cir. 2000). The evidence was sufficient to establish that Fischer possessed the drugs, the firearms, and the ammunition.

Possession may be actual or constructive, and "[a] person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found." *United States v. Thongsy*, 577 F.3d 1036, 1040–41 (9th Cir. 2009) (quoting *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002)). Fischer contends that the items seized from the hotel room *could* have belonged to Juliet Summers (in whose name the hotel room was booked) or Uhl (who was in the hotel room along with Fischer). But we view the evidence in the light most favorable to the government and ask whether "*any* rational trier of fact could have found" possession beyond a reasonable doubt. *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004) (citation omitted). The testimony from Summers and Uhl places the locked backpacks and their contents in Fischer's possession and shows that Fischer had control over the hotel room where the drugs and firearms were found, and which contained a key to the automobile where the ammunition was found. The jury also heard evidence that the keys to the backpacks containing drugs and the firearms were attached to a keychain with a Harbor Freight membership barcode registered to Fischer.

5

Rational jurors could easily have found Fischer possessed all the relevant items.[1]

3.    Finally, Fischer argues the district court erred in determining his sentence because it (i) mistakenly applied a two-level sentencing enhancement for obstruction of justice, and (ii) imposed an unreasonable sentence of 360 months' imprisonment.  We review the district court's interpretation of the advisory Sentencing Guidelines de novo, the underlying factual findings for clear error, *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019), and the application of the Sentencing Guidelines to the facts for abuse of discretion, *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The application of the two-level obstruction of justice enhancement made no difference to the ultimate Guidelines sentence range because the district court found that Fischer was a "career offender" due to his prior drug convictions—a determination that Fischer does not challenge on appeal.  As a result, the district court also applied the career offender enhancement, which caused Fischer to receive the highest possible offense level for his controlled substance offense.  The

---

[1] We reject Fischer's challenge to the finding that the firearms were in furtherance of drug trafficking, a required element of 18 U.S.C. § 924(c).  The guns were found in a backpack that contained enough methamphetamine for four hundred individual hits, and a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that drug dealers frequently keep their guns and drugs together to ensure easy access to guns during drug deals.  This "reveal[s] a [sufficient] nexus between the guns discovered and the underlying offense." *Krouse*, 370 F.3d at 968.

career offender enhancement would have had this result even without the obstruction of justice enhancement. "There was no error in calculating the Guidelines range since the result would have been the same either way." *United States v. Seljan*, 547 F.3d 993, 1007 (9th Cir. 2008) (en banc).

The district court's sentence of 360 months was not unreasonable. The district court considered the relevant 18 U.S.C. § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed." The district court's decision to impose a 360-month sentence was not "illogical, implausible, or without support in inferences that may be drawn from the record," *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc), because the record—notwithstanding Fischer's age of thirty-three and dysfunctional childhood—demonstrated his extensive criminal record and a need to protect the public.

**AFFIRMED.**