**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Graciano MARQUEZ–HUAZO,**
**Defendant–Appellant.**

**No. 08–30302.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed June 23, 2009.

Aaron Nicholas Lucoff, Esquire, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

James Ball, Boise, ID, for Defendant–Appellant.

Before: O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM **

Defendant-appellant Graciano Marquez–Huazo was convicted of conspiracy and attempt to distribute more than 500 grams of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession of a firearm in furtherance of a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1).

Marquez–Huazo appeals the district court's denial of his motion for acquittal on the possession of a firearm in furtherance charge; Marquez–Huazo also appeals the district court's estimation of the methamphetamine quantity used to calculate his sentence under United States Sentencing Guideline § 2D1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

■ On de novo review and viewing the evidence in the light most favorable to the prosecution, *see United States v. Mosley,* 465 F.3d 412, 414–15 (9th Cir.2006), we hold that the district court did not err by denying Marquez–Huazo's motion for acquittal because a rational trier of fact could have found "a nexus between the gun[ ] discovered and the underlying offense." *United States v. Krouse,* 370 F.3d 965, 968 (9th Cir.2004). Here, the nexus is demonstrated by the "proximity, accessibility, and strategic location of the firearm[ ] in relation to the locus of drug activities," *United States v. Rios,* 449 F.3d 1009, 1012 (9th Cir.2006), because it is undisputed that Marquez–Huazo was arrested carrying a pistol in his jacket pocket in the vicinity of his coconspirator who was attempting to deliver nine pounds of methamphetamine, *see United States v. Hector,* 474 F.3d 1150, 1158 (9th Cir.2007) (affirming district court's denial of defendant's motion to acquit when defendant's loaded gun was within easy reach of drug activity).

II.

■ We also hold that the district court did not clearly err in determining that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Marquez–Huazo's drug crimes involved 16.69 kilograms of methamphetamine, yielding a base offense level of 38 under the Guidelines.[1] Marquez–Huazo challenges the district court's apparent reliance on the trial testimony of coconspirator Judith Islas, arguing that Islas' trial testimony was not sufficiently reliable to support the district court's quantity estimate. It is clear from the sentencing hearing transcript, however, that the district court adopted the government's proposed estimated quantity, which was based on Islas' pre-trial statements, *not* Islas' trial testimony. *See United States v. Garcia–Sanchez*, 189 F.3d 1143, 1150 (9th Cir. 1999) (limiting appellate review of sentencing decisions to the facts actually relied on by the district court). District courts may rely on such pretrial statements of co-conspirators and co-defendants, when, as here, those statements are "sufficiently corroborated by each other to provide the minimal indicia of reliability necessary to qualify the statements for consideration by the district court during sentencing." *United States v. Berry*, 258 F.3d 971, 977 (9th Cir.2001). Here, the district court could reasonably rely on Islas' pretrial statement that approximately 28 pounds (12.7 kilograms) of methamphetamine were attributable to Marquez–Huazo.[2] The district court explicitly found Islas credible and noted that her statements were corroborated by other co-conspirators and co-defendants. This finding was not clear error because Islas' statements were corroborated by co-conspirator Nikki Thiel, who testified that she kept track of weights and money for the conspiracy and handled 30 pounds of methamphetamine in 2007. *See United States v. Alvarez*, 358

F.3d 1194, 1213 (9th Cir.2004) (the trial testimony of co-conspirators has sufficient indicia of reliability to support the accuracy of a drug quantity estimate).

**AFFIRMED.**

---

1. We reject as irrelevant Marquez–Huazo's contention in his opening brief that co-conspirator Juan Santoyo's pretrial statements were unreliable, because the district court did not rely on Santoyo's pretrial statements.

2. Marquez–Huazo does not dispute that the additional approximately 9 pounds (3.99 kilograms) of methamphetamine seized at his arrest are attributable to him.