NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRACIANO MARQUEZ-HUAZO, | No. 22-15787 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-01540-KJN |
| v. | |
| WARDEN, FCI-Herlong, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding[**]

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Federal prisoner Graciano Marquez-Huazo appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2241 habeas petition.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    As discussed further in this disposition, we determine that the parties consented to proceed before a magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Marquez-Huazo first argues that his petition should be remanded for consideration by a district judge because he did not consent to magistrate judge jurisdiction. Reviewing de novo, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012), we disagree. Marquez-Huazo acknowledges he signed and submitted a court form in which he consented to magistrate judge jurisdiction, which is sufficient. *See id* at 1119. Marquez-Huazo's claim that he did not understand the document before he signed it is belied by the record.

Contrary to Marquez-Huazo's contention, respondent properly appeared in the instant proceedings because the U.S. Department of Justice represents the Bureau of Prisons and its officials in litigation. *See* 28 U.S.C. § 516.

Marquez-Huazo next contends that the district court erred in determining he did not meet the "escape hatch" of 28 U.S.C. § 2255. Reviewing de novo, *see Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008), the district court did not err. As it found, Marquez-Huazo had "an unobstructed procedural shot at presenting" his challenges to the drug quantity used to calculate his sentence and the sufficiency of the evidence underlying his 18 U.S.C. § 924(c) conviction. *See*

---

[1] To the extent required, a certificate of appealability is granted with respect to whether the petition filed by Marquez-Huazo in the district court was a legitimate § 2241 petition brought pursuant to the escape hatch of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(3); *see also* 9th Cir. R. 22-1(e).

*Harrison*, 519 F.3d at 959 (discussing escape hatch criteria). Marquez-Huazo presented the same claims in his direct criminal appeal, *see United States v. Marquez-Huazo*, 337 F. App'x 652, 653 (9th Cir. 2009), and he has not shown that the applicable law materially changed after his direct appeal and first § 2255 motion were decided, *see Harrison*, 519 F.3d at 960. Because Marquez-Huazo cannot meet the "unobstructed procedural shot" requirement, we need not address whether he can show actual innocence. *See Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) (stating that both escape hatch requirements must be satisfied).

We do not address Marquez-Huazo's remaining arguments because they were not properly raised in the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Marquez-Huazo's motion for appointment of counsel is denied. Marquez-Huazo's motion to file a second or successive § 2255 motion is denied because he has not demonstrated:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**AFFIRMED.**