**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benjamin LOPEZ–PATINO, a.k.a.
Benjamin Patino Lopez,
Defendant–Appellant.**

No. 03–10684.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Filed Dec. 10, 2004.

T.S. Hartzell, Tucson, AZ, for the defendant-appellant.

Jeffrey H. Jacobson, Assistant United States Attorney, Tucson, AZ, for the plaintiff-appellee.

Before: BEEZER, W. FLETCHER and FISHER, Circuit Judges.

PER CURIAM.

This case principally presents the question whether a conviction under Arizona's child abuse statute circa 1990 qualifies as a categorical crime of violence for purposes of the federal Sentencing Guidelines. We hold that it does not. However, applying this circuit's modified categorical approach, we hold that the government adequately proved that the appellant's Arizona conviction *in fact* qualified as a crime of violence. We also address other errors the appellant has raised in this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2003, a jury found the appellant, Benjamin Lopez–Patino, guilty of illegally reentering the United States after having been previously deported, a violation of 8 U.S.C. § 1326. During sentencing, the district court raised concerns about the presentence report—specifically, whether Lopez–Patino was entitled to the three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The government agreed with the district court's concerns, and also asserted that Lopez–Patino's prior conviction in 1990 under Arizona's child abuse statute, Ariz.Rev. Stat. § 13–3623(C), was a "crime of violence" that should result in a sentence enhancement under the Sentencing Guidelines. *See* U.S.S.C. § 2L1.2. Over Lopez–Patino's objection, the district court contin-

ued the sentencing for 90 days to allow the parties to brief the issues of whether Lopez–Patino should receive acceptance of responsibility points under U.S.S.G. § 3E1.1 and whether his prior Arizona conviction for child abuse qualified as a crime of violence under U.S.S.G. § 2L1.2. The district court ultimately found that Lopez–Patino's prior child abuse conviction was a crime of violence and that he had not accepted responsibility for his unlawful reentry. Applying the Sentencing Guidelines, the district court sentenced him to 100 months of imprisonment.

Lopez–Patino appeals these determinations, and also claims that the district court abused its discretion in ordering the sentencing hearing continued. In addition, he appeals the district court's denial of his Rule 29 motion for acquittal, arguing that the government provided insufficient proof that he was an alien. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## STANDARD OF REVIEW

 We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Alexander,* 287 F.3d 811, 818 (9th Cir.2002). We review a district court's denial of a motion for a judgment of acquittal de novo. *United States v. Hernandez,* 105 F.3d 1330, 1332 (9th Cir.1997). We review a decision to grant or deny a continuance for an abuse of discretion. *United States v. Garrett,* 179 F.3d 1143, 1144–45 (9th Cir.1999) (en banc).

## DISCUSSION

*Arizona's child abuse statute.*

We first address Lopez–Patino's argument that the district court erred in imposing a 16–point sentencing enhancement

under U.S.S.G. § 2L1.2(b)(1)(A), his contention being that his prior conviction under Arizona law for child abuse did not constitute a crime of violence. *See* Ariz. Rev.Stat. § 13–3623. Arizona's child abuse statute at the time of the 1990 conviction provided in relevant part:

> Under circumstances other than those likely to produce death or serious physical injury to a child or vulnerable adult, any person who causes a child or vulnerable adult to suffer physical injury or abuse or, having the care or custody of such child or vulnerable adult, who causes or permits the person or health of such child or vulnerable adult to be injured or who causes or permits such child or vulnerable adult to be placed in a situation where its person or health is endangered is guilty of an offense as follows: (1) If done intentionally or knowingly, the offense is a class 4 felony....

Ariz.Rev.Stat. § 13–3623(C) (1990).

■ The Sentencing Guidelines define a "crime of violence" as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii). In determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See, e.g., United States v. Pimentel–Flores*, 339 F.3d 959, 967–68 (9th Cir.2003) (discussing application of the *Taylor* analysis to various Guidelines' sentencing enhancements). Under *Taylor's* categorical approach, we "look only to the fact of conviction and the statutory definition of the prior offense," not to the underlying facts. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc) (internal quotation marks and citation omitted).

■ If the statute criminalizes conduct that would not constitute a qualifying offense, we may "look a little further" and "consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003), *amended by* 341 F.3d 852 (9th Cir. 2003). The documentation we may consider includes "the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc) (citation omitted). The purpose of this "modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *Corona–Sanchez*, 291 F.3d at 1211.

■ We conclude that the Arizona child abuse statute is overly inclusive because a person could "cause a child" physical injury without the use of force. *Cf. Leocal v. Ashcroft*, —— U.S. ——, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) (holding that a conviction for driving under the influence of alcohol and causing serious bodily injury in an accident was not a "crime of violence" because it did not require the use of physical force). Indeed, the government concedes that the Arizona statute is overly inclusive. Thus, the district court correctly analyzed Lopez–Patino's prior conviction under the modified categorical approach. *See United States v. Contreras–Salas*, 387 F.3d 1095 (9th Cir.2004) (applying the modified categorical approach to Nevada's overly inclusive child abuse statute).

The district court examined the indictment from the prior conviction, the change of plea transcript and the judgment. The change of plea transcript shows that on April 20, 1990, Lopez–Patino, under the alias Johnny Munez, pled guilty to count two of the indictment, "intentionally or knowingly caus[ing] physical injury to ... a child less than 18 years of age." Lopez–Patino admitted that on January 13, 1990, while he was intoxicated, he spanked a child, causing her injury (bruising). The transcript, the indictment and the judgment therefore adequately establish that Lopez–Patino's prior conviction was a crime of violence for sentencing enhancement purposes. Thus, the district court correctly applied the 16–point sentencing enhancement.

*Acceptance of responsibility.*

■ Lopez–Patino also argues that the district court erred in denying him a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. It is the defendant's burden to demonstrate acceptance of responsibility. *United States v. Ochoa–Gaytan,* 265 F.3d 837, 843 (9th Cir. 2001)."[A] judge cannot rely upon the fact that a defendant refuses to plead guilty and insists on his right to trial as the basis for denying an acceptance of responsibility adjustment." *Id.* at 842–43 (quoting *United States v. Mohrbacher,* 182 F.3d 1041, 1052 (9th Cir.1999)). The adjustment, however, "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n. 2.

■ The district court found that, at trial, Lopez–Patino contested the elements of the offense—namely that he was a Mexican citizen who illegally reentered the United States after deportation. At trial, he persisted in his assertions that an unnamed INS officer had told him he·could return to the United States to "take care of" his immigration problems, that an INS officer told him he was born in Mexico and that he continued to think of himself as a national of the United States. He put the government to its burden of proof at trial by denying the essential factual elements of his crime. Thus, the district court did not err in denying Lopez–Patino a three-level reduction for acceptance of responsibility.

*Rule 29 motion for acquittal.*

■ Lopez–Patino next argues that the district court should have granted his motion for a judgment of acquittal because there was insufficient proof to establish that he was an alien. "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hernandez,* 105 F.3d at 1332.

Lopez–Patino testified at trial that he was deported from the United States to Mexico in 1994 and admitted that his prior admissions to an INS investigator that he was a citizen of Mexico and that his parents were born in Mexico were truthful. The government provided additional evidence of alienàge, including a cover page from an immigrant visa issued by the American Consulate in Mexico in 1976 that indicated that Lopez–Patino was born in Mexico. Given this evidence, the district court did not err in denying Lopez–Patino's motion for a judgment of acquittal.

*90–day continuance.*

■ Finally, Lopez–Patino contends that the district court abused its discretion by continuing his sentencing hearing. The district court's ruling on a continuance will

be reversed only if it is arbitrary and unreasonable, *United States v. Rude,* 88 F.3d 1538, 1550 (9th Cir.1996), and the appellant must show that the denial prejudiced his defense. *United States v. Wills,* 88 F.3d 704, 711 (9th Cir.1996).

The court's continuance to allow both parties to address the issues of acceptance of responsibility and the prior conviction for child abuse was neither arbitrary nor capricious. Moreover, Lopez–Patino was not prejudiced, because he did not suffer any additional prison time that he would have avoided absent the continuance: Even if he had been given the three-point downward adjustment for acceptance of responsibility and had not been given the 16–point enhancement for his prior child abuse conviction, he still would not have been eligible for release within the 90–day continuance period, given the amount of time remaining on his base sentence.

**AFFIRMED.**