UNITED STATES of America, Plaintiff—Appellee,

v.

Juan QUINTERO–JUNCO, aka Jose Rivera; et al., Defendant—Appellant.

No. 04–10036.

D.C. No. CR–02–01691–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted March 17, 2005.*

Decided July 13, 2005.

---

1. Because the record was not fully developed, we are unable to review the merits of Naw's other claims of error.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jane L. Westby, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff—Appellee.

Vincent Joseph Frey, Esq., Tucson, AZ, for Defendant—Appellant.

Before HAWKINS, MCKEOWN, and CLIFTON Circuit Judges.

## MEMORANDUM **

■ Defendant Juan Quintero–Junco appeals the sentence imposed by the district court after he pled guilty to illegal re-entry into the United States after deportation. The district court did not violate Defendant's Sixth Amendment rights by enhancing his sentence based on his prior conviction for attempted sexual abuse. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (stating that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Furthermore, the district court did not err in concluding that Defendant's prior conviction constituted a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). Arizona Revised Statute § 13–1404 defined "sexual abuse" as "intentionally or knowingly engaging in sexual contact with any person fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast." Ariz.Rev.Stat. Ann. § 13–1404 (West 2005). The fact that the record in this case is unclear about the victim's age is unimportant.

If the victim was over fifteen years of age, the statute required that the sexual contact be "without consent." The transcript from Defendant's change of plea hearing indicates that the only definition of "without consent" that was applicable to Defendant's crime was that the "victim [was] coerced by the immediate use or threatened use of force against a person or property." *See* Ariz.Rev.Stat. § 13–1401(5)(a) (West 2005). Thus, the transcript adequately establishes that Defendant's prior conviction was a crime of violence because it was a "forcible sex offense" and it possessed an element of "the use, attempted use, or threatened use of physical force" as required by U.S.S.G. § 2L1.2. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002); *see also United States v. Lopez–Patino*, 391 F.3d 1034, 1038 (9th Cir.2004).

If the victim was under fifteen years of age, the fact that Defendant attempted to engage in sexual contact with a minor constituted a "crime of violence" under U.S.S.G. § 2L1.2. *See United States v. Pereira–Salmeron*, 337 F.3d 1148, 1153–55 (9th Cir.2003); *see also United States v. Velazquez–Overa*, 100 F.3d 418, 422 (5th Cir.1996); *United States v. Reyes–Castro*, 13 F.3d 377, 379 (10th Cir.1993).

■ Nevertheless, after the district court imposed Defendant's sentence, the Supreme Court held that the Sentencing Guidelines are advisory, not mandatory. *See Booker*, 125 S.Ct. at 764–67. Nothing in the record indicates whether the district court would have imposed the same sentence had the court known the Guidelines were advisory. Consequently, we remand Defendant's sentence in accordance with *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, —— F.3d ——, 2005 WL 1560269, at *9 (9th Cir. July 5, 2005) (stating that "a limited remand is proper in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional").

**SENTENCE REMANDED.**