**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Larry CHEZEM, Defendant—
Appellant.**

No. 05–30504.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 25, 2006.

Decided Aug. 2, 2006.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM *

Larry Chezem appeals his conviction for conspiracy to possess machine guns in violation of 18 U.S.C. §§ 371 and 922(*o*). We affirm.

■ The district court did not err in denying Chezem's Rule 29 motion for acquittal, as there was sufficient evidence to support the conviction. The evidence presented at trial would have allowed a reasonable jury to conclude that Chezem participated in an agreement among Project 7 members to possess illegal firearms and that he had the intent to accomplish this objective. Witnesses testified that owning machine guns was part of the group's plan; that Chezem participated in and was in charge of firearms training using machine guns; that Chezem was one of a select few with access to the group's cache of machine guns; that Chezem owned a rifle with the capacity to fire fully automatic; that the group, including Chezem, coordinated the concealment of the weapons; and that Chezem sought to regain access to the cache of machine guns after they were moved to a new location. "[A]ny rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Lopez–Patino*, 391 F.3d 1034, 1038 (9th Cir. 2004) (per curiam) (internal quotation marks omitted).

■ The district court did not abuse its discretion in allowing into evidence eleven machine guns seized from the group, testimony about David Burgert's conflicts with law enforcement, or the name of the organization, "Project 7." *See United States v. Ogles*, 406 F.3d 586, 593 (9th Cir.2005), *vacated and reh'g en banc granted by* 430 F.3d 1221 (2005), *reinstated en banc in relevant part by* 440 F.3d 1095, 1099 (2006). The machine guns were directly relevant to the offense charged and tended to show that the organization in which Chezem participated was devoted to the possession of illegal machine guns. The testimony about Burgert was relevant to establishing the group's intention to conceal their weapons from law enforcement and Chezem's efforts to regain access to the weapons. Even if the prosecutor's use of the term "Project 7" violated the motion in limine, to which Chezem failed to object at trial, Chezem cannot establish that the use of this term affected his substantial rights. *See Jones v. United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States,* 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). The evidence consistently showed that Chezem participated in this organization, a fact he did not dispute at trial.

■ Nor did the district court abuse its discretion by denying Chezem's Rule 33 motion for new trial, as the placement of the guns in the courtroom was harmless. Although the district court found that the prosecutor's placement of the eleven guns on the floor in front of the jury box may have been improper, it also concluded that any error was ultimately harmless. Unlike *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir.1992), where a photograph of weapons that were not connected to the defendant was presented to the jury, the machine guns here were relevant to the conspiracy charge and were properly admitted into evidence, and the testimony consistently established Chezem's association with the weapons. Thus, there was no danger that the jury was being exposed to machine guns that were immaterial to the charges or otherwise prejudicial, Chezem fails to establish how the placement of the guns on the courtroom floor could have affected the outcome of his trial.

AFFIRMED.