*sub nom. Acosta–Franco v. United States,* — U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rogelio ANGUIANO–VERA, Defendant–Appellant.**

**No. 06–10162.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007[*].

Filed Jan. 16, 2007.

Office of the U.S. Attorney, San Jose, CA, Barbara J. Valliere, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Cynthia C. Lie, Esq., Federal Public Defender's Office, San Jose, CA, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Rogelio Anguiano–Vera appeals from the 36–month sentence imposed following his guilty-plea conviction pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Anguiano–Vera contends that the district court erred in declining to award an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), based on the exercise of his right to a jury trial and his subsequent silence as to the issue of his

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alienage when entering an *Alford* plea. However, the adjustment is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." *United States v. Lopez–Patino,* 391 F.3d 1034, 1038 (9th Cir.2004); *cf. United States v. Ochoa–Gaytan,* 265 F.3d 837, 842 n. 5 (9th Cir.2001) (noting that "the difference between requiring the government to satisfy its burden and falsely denying criminal conduct is crucial," but remanding only where the defendant "made no affirmative defense, called no witnesses, and presented no evidence").

In light of the "great deference on review" accorded the sentencing judge, *see* U.S.S.G. § 3E1.1 cmt. n. 5, we conclude that the district court did not err in declining to award an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

**AFFIRMED.**