**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

WILLIAM JOHN MAHAN,
        *Defendant-Appellant.*

No. 08-30475

D.C. No.
6:06-CR-60045-AA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted
October 6, 2009—Portland, Oregon

Filed November 16, 2009

Before: Diarmuid F. O'Scannlain and N. Randy Smith,
Circuit Judges, and Charles R. Wolle,*
Senior District Judge.

Opinion by Judge O'Scannlain

*The Honorable Charles R. Wolle, Senior United States District Judge
for the Southern District of Iowa, sitting by designation.

15259

## COUNSEL

Terri Wood, of Eugene, Oregon, argued the cause for the defendant-appellant and filed the briefs.

Frank R. Papagini, Jr., Assistant United States Attorney for the District of Oregon, Eugene, Oregon, argued the cause for the appellee and filed the brief. Karin J. Immergut, United States Attorney for the District of Oregon, and Kelly A. Zusman, Assistant United States Attorney for the District of Oregon, were on the brief.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether an individual who trades drugs for guns possesses the firearms "in furtherance of" his drug trafficking offense.

I

A

Late on the evening of November 30, 2005, Zane Isabell and Shawn Copley offered to sell several stolen firearms to William Mahan. Copley initially called his mother to gauge her interest in acquiring them; during this phone call, he ultimately spoke with Mahan, who was living with Copley's mother at the time. Based on Copley's conversation with Mahan, Copley and Isabell drove to his mother's house with the stolen firearms. After smoking some methamphetamine that Mahan supplied, the three left the house and went to a nearby shed, where Copley showed Mahan the guns. After viewing the firearms, Mahan agreed to buy them for a combination of 1/8 ounce of methamphetamine and approximately $700 in cash.

B

Mahan was eventually arrested and charged on a three-count indictment. The final count charged him with possession of a firearm "in furtherance of" a drug trafficking offense in violation of 18 U.S.C. § 924(c). Mahan's motion for acquittal was denied before closing argument. The jury convicted Mahan, who timely appeals.[1]

II

Mahan challenges the district court's decision to deny his motion for acquittal.[2] In essence, we are confronted with a

---

[1]Mahan's claim that the district court's sentence was improper is disposed of in a memorandum disposition filed concurrently with this opinion.

[2]A motion for acquittal must be filed within seven days of a jury verdict. Fed. R. Crim. P. 29(c). Mahan did not file his motion until nine months after the jury verdict, and thus, it was untimely. However, because Mahan made a Rule 29(a) motion as to the sufficiency of the evidence (at the conclusion of the evidence adduced at trial), we review *de novo* the denial of a Rule 29 motion for acquittal. *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996).

narrow question of law: whether a defendant who receives guns in exchange for drugs possesses those guns "in furtherance of" his drug trafficking offense within the meaning of 18 U.S.C. § 924(c).

A

**[1]** Section 924(c)(1)(A) establishes minimum penalties for offenders who use firearms to commit drug trafficking offenses. It provides, in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or *who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;

(emphasis added).

**[2]** "[T]he natural meaning of 'in furtherance of' is 'furthering, advancing or helping forward.' " *United States v. Hector*, 474 F.3d 1150, 1157 (9th Cir. 2007) (internal citations omitted). The government can establish that a defendant has used a gun to "promote or facilitate" a crime if "facts in evidence reveal a nexus between the guns discovered and the underlying offense." *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004). Mahan rather argues that, in order to obtain a conviction under the "in furtherance of" prong of section 924(c), "the government must show that the defendant *intended to use* the firearm to promote or facilitate the drug crime." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006) (emphasis added).

**[3]** This argument misreads *Rios*, where we applied the familiar "nexus" requirement to uphold the defendant's conviction. Although we described the government's burden as requiring proof of intent, we clarified that "[e]vidence of this intent is sufficient when facts in evidence reveal a nexus between the guns discovered and the underlying offense." *Id.* (internal quotation marks and citations omitted).

**[4]** Moreover, the text of the statute clearly demonstrates that "in furtherance of" does not simply mean "intends to use." Section 924(d), the subsection following the one in issue, draws a distinction between firearms "used" in an offense and those "intended to be used." 18 U.S.C. § 924(d)(1); *see also Bailey v. United States*, 516 U.S. 137, 146 (1995). Thus, we reject Mahan's attempt to recharacterize the meaning of "in furtherance of," and again reaffirm that "intended to be used" and "in furtherance of" are different standards. Given that the statute uses these two phrases in different contexts, there is no reason to interpret the two provisions as identical. Thus, Mahan's attempt to redefine the phrase "in furtherance of" is unpersuasive.

B

The determination of whether a defendant possessed firearms in furtherance of a drug offense "turns on the intent of the defendant," and is generally fact specific, focusing on the evidence linking the firearm to the drug crime. *See Krouse*, 370 F.3d at 967. When guns are located within strategic reach of a dealer such that he can use the guns to protect his illicit trade or the proceeds thereof, then a defendant's possession would typically be characterized as "in furtherance of" the drug crime. *Compare id.* at 968 (holding that high-caliber firearms located within easy reach in a room containing drugs were possessed "in furtherance of" a drug offense), *with United States v. Mann*, 389 F.3d 869, 872-73 (9th Cir. 2004) (holding that guns located within a locked safe in the defen-

dant's truck were not possessed "in furtherance of" trafficking drugs located within a tent).

[5] From these cases, Mahan attempts to glean the principle that a gun must be within close physical proximity to a drug trafficker or his drugs in order to be possessed "in furtherance of" the drug offense. Although all of this court's prior decisions interpreting this statute have done so in the context of a defendant who possessed a firearm near drugs, *see, e.g.*, *United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007) (holding that the defendant violated section 924(c) when both drugs and firearms were within his reach when he was stopped by the police), neither the statute nor our prior cases limit it to such situations.

[6] Five other courts of appeals have confronted cases factually similar to this one, and all have either decided or assumed without deciding that a defendant who, like Mahan, receives firearms in exchange for drugs possesses those firearms "in furtherance of" a drug trafficking offense. *See United States v. Sterling*, 555 F.3d 452, 458 (5th Cir. 2009) ("We thus assume, without deciding, that bartering drugs for guns constitutes 'possession in furtherance' [of a drug trafficking offense.]"); *United States v. Dolliver*, 228 F. App'x 2, 3 (1st Cir. 2007) (holding that trading drugs for a gun is a violation of the "in furtherance of" prong of the statute); *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007) (same); *United States v. Boyd*, 209 F. App'x 285, 290 (4th Cir. 2006) ("We conclude that accepting possession of firearms as payment for crack cocaine is possession in furtherance of a drug trafficking crime."); *United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005) (holding that trading drugs for a firearm violates the "in furtherance of" prong of the statute).

[7] These cases demonstrate the common sense proposition that when one accepts a gun in exchange for drugs, the gun is an integral part of the drug sale because without the gun—

the "currency" for the purchase—the drug sale would not take place. As the Sixth Circuit observed:

> As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* "promote or facilitate" that illegal sale. If the defendant did not accept possession of the gun, and instead insisted on being paid fully in cash for his drugs, some drug sales—and therefore some drug trafficking crimes—would not take place.

*Frederick*, 406 F.3d at 764. When a defendant accepts a gun as payment for his drugs, his sale—and thus his crime—is incomplete until he receives possession of the firearm. We fail to see how possession that completes a drug trafficking offense is not possession "in furtherance of" a drug trafficking offense.

**[8]** Mahan cites no precedent, from this circuit or any other, for the proposition that accepting guns as payment for drugs does not constitute possession of firearms "in furtherance of" a drug trafficking offense.[3] In light of the unanimity and clarity of our sister circuits' precedent, we decline Mahan's invitation to create a circuit split, and hold that a defendant who accepts firearms in exchange for drugs possesses the firearms "in furtherance of" a drug trafficking offense.

---

[3]For these same reasons, we reject Mahan's claim that he did not possess the firearms "in furtherance of" his drug trafficking offense since he did not acquire possession of the firearms until the completion of his offense. This argument incorrectly interprets the phrase "in furtherance of" to mean "during." The statute does not require that the defendant possess the gun throughout the entirety of his drug deal; rather, it simply requires that whatever the specific nature of his gun possession, it "further[ ], advanc[e] or help[ ] forward" the underlying drug sale. *Hector*, 474 F.3d at 1157 (quoting *United States v. Castillo*, 406 F.3d 806, 814 (7th Cir. 2005)).

### III

Mahan offers several arguments to rebut our construction.

### A

**[9]** First, Mahan cites a pair of Supreme Court opinions. He compares *Watson v. United States*, 552 U.S. 74 (2007), where the Court held that a defendant does not "use" a gun when he receives it in trade for drugs, to *Smith v. United States*, 508 U.S. 223 (1993), where the Court held that a defendant *does* use a gun if he trades it to "purchase" drugs. *Watson*, however, interpreted only section 924(c)'s "use" prong. The government did not charge Mahan under section 924(c)'s "use" prong, however. Instead, it charged him under section 924(c)'s "in furtherance of" prong. Therefore, *Watson*'s holding does not control. Indeed, *Watson* expressly declined to discuss whether receiving guns in exchange for drugs violates the "in furtherance of" prong of section 924(c). Thus, these Supreme Court decisions shed no light on whether Mahan's conduct falls within the "in furtherance of" prong of section 924(c).

### B

**[10]** Second, Mahan claims that his possession of the firearms was not "in furtherance of" his drug trafficking offense because they did not play an "emboldening role" in his offense. He argues that Congress amended the statute to include the "in furtherance of" prong to address a situation "where a defendant kept a firearm available to provide security for the transaction, its fruit or proceeds, or was otherwise emboldened by its presence in the commission of the offense." 144 Cong. Rec. 26,608-09 (1998) (statement of Sen. DeWine).[4] This lone senator's statement, however, cannot

---

[4]Mahan also points to *United States v. Polanco*, 93 F.3d 555, 566-67 (9th Cir. 1996), for the proposition that, in order to demonstrate that he

overcome the plain language of the statute. To whatever extent the legislative history is relevant, the frequently cited House Judiciary Committee Report[5] states that in order to obtain a conviction under this prong of the statute, "[t]he government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense." H.R. Rep. No. 105-344, at 12 (1997). Thus, we deem Mahan's attempt to import additional elements into section 924(c) unpersuasive.

IV

For the foregoing reasons, the district court's denial of Mahan's motion for acquittal is

**AFFIRMED**.

---

possessed the firearms "in furtherance of" his drug trafficking crime, the government must prove that his use of a gun "emboldened" him to commit his offense. We decided *Polanco* two years before Congress amended section 924(c) to include the "in furtherance of" prong, so the case does not bear on the meaning of this phrase.

[5]This court, as well as other courts interpreting this portion of the statute, has frequently looked to the House Report accompanying the statute for guidance. *See Rios*, 449 F.3d at 1013 (quoting House Report 105-344); *see also United States v. Combs*, 369 F.3d 925, 932 (6th Cir. 2004) (same).