**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 08-30469, 08-30470 |
| Plaintiff - Appellee, | D. Ct. No. 1:07-CR-00112-RFC-1, |
| v. | D. Ct. No. 1:07-CR-00015-RFC-1 |
| FRITZ ANDERSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Submitted December 8, 2009 [**]
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

Fritz Anderson was charged with 29 counts of drug trafficking in violation

of 21 U.S.C. § 841 and one count of using, carrying or possessing a firearm in

relation to drug trafficking in violation of 18 U.S.C. § 924(c). Anderson moved for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

acquittal on the final count; the district court granted the motion as to using or carrying a firearm but denied the motion as to possessing a firearm in furtherance of a drug crime and let the count stand. The jury convicted Anderson on all thirty counts, and the court imposed a sentence of 40 years (480 months). Anderson timely appealed.

"[W]e review the district court's denial of a motion to acquit de novo." *United States v. Mosley*, 465 F.3d 412, 415 (9th Cir. 2006). "[A] defendant who accepts firearms in exchange for drugs possesses the firearms 'in furtherance of' a drug trafficking offense." *United States v. Mahan*, No. 08-30475, slip op. at 8 (9th Cir. Nov. 16, 2009). Because Anderson accepted firearms as partial payment for outstanding drug debts, he possessed those firearms in furtherance of his drug trafficking offenses, and the district court was correct to deny his motion to acquit.

The substantive reasonableness of a sentence is reviewed under an abuse of discretion standard. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "For a non-Guidelines sentence, we are to 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Nothing in the record suggests that Judge Cebull abused his discretion when he departed downward significantly, but not as far as Mr. Anderson would have preferred, from the guideline sentence.

2

AFFIRMED.