FILED

MAR 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 08-10110 |
| | 08-10444 |
| Plaintiff - Appellee, | 08-10453 |
| | 08-10454 |
| v. | 08-10530 |
| | |
| LEONARDO BURGOS-VALENCIA; | D.C. No. CR-05-00125- |
| JULIO MARIO HARO-VERDUGO; | DCB(BPV) |
| SERGIO ANTONIO HARO; and | |
| LORENIA HARO, | |
| | MEMORANDUM [*] |
| Defendants - Appellants. | |

Appeals from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Defendants Leonardo Burgos-Valencia, Julio Mario Haro-Verdugo, Sergio

Antonio Haro, and Lorenia Haro were each convicted of several drug offenses for

their involvement in cocaine or marijuana smuggling. Defendants appeal their

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

convictions and sentences. With the exception of two convictions that violate Burgos-Valencia's double jeopardy rights, we affirm.

1. Defendants first argue that the district court erred by denying their motion to dismiss the indictment on double jeopardy grounds after a mistrial. We review de novo the district court's denial of the motion but review for clear error the court's underlying factual findings. United States v. Castillo-Basa, 483 F.3d 890, 895 (9th Cir. 2007).

The district court erroneously denied the motion as untimely, United States v. Gamble, 607 F.2d 820, 822-23 (9th Cir. 1979), but we may affirm on any ground supported by the record, United States v. Davis, 336 F.3d 920, 922 (9th Cir. 2003). The district court found that the prosecutor did not intend to provoke a mistrial. This finding was not clearly erroneous. The prosecutor's question to the witness was proper, and Defendants' reactions to the prejudicial testimony did not suggest to the court that they suspected an intentional goad. Oregon v. Kennedy, 456 U.S. 667, 676 (1982). Even though the early days of the trial had not gone well for the prosecutor, the district court was not required to infer an intent to provoke a mistrial. United States v. Lun, 944 F.2d 642, 645-46 (9th Cir. 1991).

2. Burgos-Valencia and Lorenia Haro argue that the district court erred by denying their motions to sever. We review for abuse of discretion. United States v. Decoud, 456 F.3d 996, 1008 (9th Cir. 2006).

Burgos-Valencia did not waive his right to appeal this issue. It would have been an unnecessary formality for him to have renewed his motion at the close of evidence, id., because the district court refused his request for the less drastic remedy of a limiting instruction regarding the evidence that Burgos-Valencia believed was unfairly prejudicial. However, Lorenia Haro did not renew her motion after the introduction of prejudicial evidence, and she points to nothing showing that the renewal of the motion during or at the close of evidence would have been an unnecessary formality. Lorenia Haro therefore waived her right to appeal the denial of her motion for severance. Id. (Even if her right to appeal were not waived, her appeal would fail on the merits, for reasons similar to those discussed below with respect to Burgos-Valencia.)

The circumstances of the trial did not require granting Burgos-Valencia's motion to sever. The evidence of firearms and violence was admissible against Burgos-Valencia under the government's theory of Pinkerton liability. Pinkerton v. United States, 328 U.S. 640, 647-48 (1946); United States v. Cruz, 127 F.3d 791, 799 (9th Cir. 1997), abrogated on other grounds by United States v. Jimenez

3

Recio, 537 U.S. 270 (2003). The evidence was not unduly complex or voluminous. United States v. Baker, 10 F.3d 1374, 1389-90 (9th Cir. 1993), overruled in part on other grounds by United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000). The district court employed safeguards against spill-over prejudice, including juror notebooks, general limiting instructions, and instructions specific to the inadmissibility of particular evidence against Burgos-Valencia. United States v. Fernandez, 388 F.3d 1199, 1243 (9th Cir. 2004). The acquittal of some Defendants on some counts suggests that the jury was able to compartmentalize the evidence.

3. Sergio Haro, Lorenia Haro, and Julio Haro-Verdugo argue that the district court erred in allowing a law enforcement agent to testify as both an expert and a lay witness after inadequate expert disclosure under Federal Rule of Criminal Procedure 16(a)(1)(G) and without adequate "gatekeeping" by the court. We review for abuse of discretion. United States v. Freeman, 498 F.3d 893, 900-01 (9th Cir. 2007).

The district court did not abuse its discretion in ruling that the prosecution's trial memorandum and expert witness disclosure provided Defendants with the necessary summary; this circuit does not require great detail in a Rule 16 disclosure. Defendants were not prejudiced because the prosecutor informed them

4

that the expert testimony would be translation of coded conversations.

Furthermore, the testimony was not an abuse of discretion under Freeman. A

witness may permissibly testify as both an expert and a lay witness. Id. at 904.

Here, the district court avoided jury confusion by sustaining objections and

admonishing counsel about the different kinds of evidence. Finally, the district

court instructed the jury that it need not believe the testimony of an expert witness

or of any witness.

4. Lorenia Haro argues that the district court erred by denying her motion

for acquittal on the cocaine and marijuana conspiracies and on the charge of

possession with intent to distribute cocaine. We review de novo. United States v.

Mahan, 586 F.3d 1185, 1187 n.2 (9th Cir. 2009).

There was sufficient evidence that the conspiracies existed and that Lorenia

Haro had at least a "slight connection" to each conspiracy. United States v.

Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001). The testimony of Sara

Sainz and George Mares implicated Lorenia Haro in the cocaine and marijuana

conspiracies, respectively. Wiretapped conversations revealed that Lorenia Haro

assisted with leasing the Kino Springs house and that she smuggled money across

the border. Physical evidence in Lorenia Haro's purse, bedroom, and closet linked

her to the drug smuggling operations.

5

Because the jury properly convicted Lorenia Haro of the cocaine conspiracy, it could convict her of cocaine possession offenses under Pinkerton, 328 U.S. at 647-48. There was sufficient evidence to find her co-conspirators guilty; to find that the offenses were in furtherance of, and within the scope of, the charged conspiracy; and to find that the offenses were reasonably foreseeable.

5. Burgos-Valencia argues that the district court erred by denying his motion for acquittal of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). We review de novo. Mahan, 586 F.3d at 1187 n.2.

There was sufficient evidence that Burgos-Valencia occupied a position of managerial responsibility over at least five other persons. Managing an intermediary, who in turn manages at least four other persons, constitutes managing at least five persons. United States v. Delgado, 4 F.3d 780, 785 (9th Cir. 1993). The intercepted conversations provided sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that Burgos-Valencia exercised managerial responsibility over Sergio Haro, who in turn managed at least four other persons to transport marijuana.

6. Burgos-Valencia argues that the district court erred by denying his motion for acquittal of knowingly using a minor to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 861(a). We review de novo. Mahan, 586

6

F.3d at 1187 n.2. Under Pinkerton, Burgos-Valencia can be held vicariously liable for Sergio Haro's employment of minors to transport the marijuana. 328 U.S. at 647-48. There was sufficient evidence that Sergio Haro knowingly used minors. That use of minors was in furtherance of and within the scope of the marijuana conspiracy. It was reasonably foreseeable to Burgos-Valencia that Sergio Haro, a young person, would recruit persons for his drug transportation organization who happened to be under the age of 18. United States v. Valencia-Roldan, 893 F.2d 1080, 1083 (9th Cir. 1990). Burgos-Valencia's calm acceptance of the news that a driver had been arrested and would be released "to his mother" also suggests that Burgos-Valencia was not surprised to learn of the minor's involvement.

7. Lorenia Haro and Julio Haro-Verdugo argue that the district court erred by refusing to give the "mere presence" instructions that they each requested. We review for abuse of discretion the finding that a defense theory has no foundation in the evidence. United States v. Bello-Bahena, 411 F.3d 1083, 1089 (9th Cir. 2005). We review de novo whether jury instructions adequately covered a defense theory. United States v. Howell, 231 F.3d 615, 629 (9th Cir. 2000). A district court may refuse to give a mere presence instruction if the government's case rests on more than mere presence and if the jury is properly instructed on all elements of the crime. Id.

7

The district court did not abuse its discretion by finding that the mere presence theory had no foundation in the evidence; the government's case against both Lorenia Haro and Julio Haro-Verdugo rested on substantially more than mere presence. For example, testimony showed that Lorenia Haro scouted border checkpoints, directed Sara Sainz to smuggle money across the border, and accepted payment for a shipment of marijuana. Evidence showed that Julio Haro-Verdugo packaged cocaine for shipment, drove a truckload of marijuana, and paid a minor recruited by Sergio Haro to transport contraband. In addition, the district court properly instructed the jury on the elements of the charges. Thus, a mere presence instruction was unnecessary. Furthermore, the district court gave a conspiracy instruction that adequately covered the mere presence theory. United States v. Reed, 575 F.3d 900, 926 & n.19 (9th Cir. 2009), cert. denied, 2010 WL 342250 (U.S. Mar. 1, 2010) (No. 09-8843), and 2010 WL 342323 (U.S. Mar. 1, 2010) (No. 09-8853).

8. Julio Haro-Verdugo argues that the district court erred by refusing to instruct the jury that cooperating witnesses benefitted by becoming potentially eligible for release from custody before being sentenced. We review de novo whether jury instructions adequately covered a defense theory. Howell, 231 F.3d at 629.

8

The district court instructed the jury on its ability to consider witness bias and on the reduced credibility of cooperating witnesses. These instructions adequately covered Julio Haro-Verdugo's bias theory. Although the instruction given on cooperating witnesses did not specify what kinds of "favored treatment" they might receive, an instruction need not specify the precise benefits obtained. United States v. Jackson, 84 F.3d 1154, 1157 (9th Cir. 1996).

9. Lorenia Haro argues that the district court failed adequately to consider her mitigating arguments at sentencing and that her sentence is substantively unreasonable. We review for abuse of discretion. United States v. Amezcua-Vasquez, 567 F.3d 1050, 1053 (9th Cir. 2009) (failure to consider factors and arguments); United States v. Autery, 555 F.3d 864, 871 (9th Cir. 2009) (substantively unreasonable).

Here, the district court adequately considered Lorenia Haro's arguments. United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.) (en banc), cert denied, 128 S. Ct. 2491 (2008). The district court stated that it had read the material that she submitted, and the court discussed her role in the drug trafficking and her personal characteristics, as well as other 18 U.S.C. § 3553(a) factors.

Furthermore, the district court did not abuse its discretion by sentencing Lorenia Haro to a term of imprisonment 91 months below the minimum

9

recommended by the Sentencing Guidelines. United States v. George, 403 F.3d 470, 473 (7th Cir. 2005).

10. Sergio Haro argues that the district court erred by denying him a sentencing continuance, that the court treated the Guidelines sentence as presumptively reasonable, and that his sentence violates the Eighth Amendment. We review for abuse of discretion his procedural claims. United States v. Lopez-Patino, 391 F.3d 1034, 1036 (9th Cir. 2004) (per curiam) (continuance); Carty, 520 F.3d at 993 (procedural error). We review de novo his Eighth Amendment claim. United States v. Meiners, 485 F.3d 1211, 1212 (9th Cir. 2007) (per curiam).

The district court did not abuse its discretion by denying Sergio Haro's motion for a continuance. The decision was not arbitrary or unreasonable. Lopez-Patino, 391 F.3d at 1038-39. Sergio Haro had three months to arrange for a psychiatric evaluation. Mitigating evidence would have been useful to him even before the final amendments to the pre-sentence report, and he should have been aware from the evidence at trial that the court might consider him dangerous. In addition, Sergio Haro has not shown that the denial prejudiced him. Id. at 1039. The district court stated that it would assume for sentencing purposes that he had been raised by a drug-dealing family, and Sergio Haro has not shown that a

10

psychiatric evaluation would have produced any information that would have affected his sentence.

The district court's comments do not show that it applied a presumption of reasonableness to the Guidelines sentence. Unlike in Nelson v. United States, 129 S. Ct. 890, 892 (2009) (per curiam), the district court did not state that it applied such a presumption. The district court's comments about its obligation to identify factors justifying a departure or variance, in conjunction with its comments during the same proceeding that the Guidelines recommendation is merely "a starting point," show that the district court properly understood its role in sentencing. Finally, the district court explained that a life sentence was appropriate for Sergio Haro in light of the other § 3553(a) factors and the statutory authorization for a life sentence for serious drug offenses.

Sergio Haro's claim that his life sentence violates the Eighth Amendment fails because a life sentence is not an unconstitutional sentence for a serious drug offense. Harmelin v. Michigan, 501 U.S. 957, 996 (1991). The alleged disparity between his sentence and that of other defendants is irrelevant because his sentence is not grossly disproportionate to his crimes. Id. at 1005 (Kennedy, J., concurring in part and concurring in the judgment).

11. Julio Haro-Verdugo argues that the district court erred by not adjusting his sentence under U.S.S.G. § 3E1.1 for acceptance of responsibility, that the district court failed to consider relevant sentencing factors, and that his sentence violates the Eighth Amendment. We review for clear error a district court's decision whether to reduce a defendant's sentence for acceptance of responsibility. United States v. Johnson, 581 F.3d 994, 1001 (9th Cir. 2009). We review for abuse of discretion his claim of inadequate consideration of sentencing factors. Amezcua-Vaszquez, 567 F.3d at 1053. We review de novo his Eighth Amendment claim. Meiners, 485 F.3d at 1212.

The district court did not clearly err by denying Julio Haro-Verdugo the adjustment for acceptance of responsibility because he put the government to its proof. U.S.S.G. § 3E1.1 cmt. n.2. His guilty plea in a related case does not demonstrate acceptance of responsibility in this case. Even if his stipulation to forfeiture were to be deemed analogous to voluntary restitution, it occurred after trial and, thus, does not constitute "pre-trial statements and conduct" that might demonstrate acceptance of responsibility in a defendant who goes to trial. Id. (emphasis added).

The district court did not abuse its discretion in considering Julio Haro-Verdugo's mitigating arguments and the § 3553(a) factors. The district court

12

stated that it had read the material that he submitted. The district court discussed the need for deterrence, the need to promote respect for the law, the characteristics of the offense, and disparities among defendants, in addition to aspects of Julio Haro-Verdugo's personal characteristics—his choice to continue his involvement with the conspiracies even after being arrested for driving a truckload of marijuana and his relative lack of dangerousness compared to another defendant. The court simply did not find Julio Haro-Verdugo's arguments and the § 3553(a) factors sufficient to warrant a below-Guidelines sentence. Amezcua-Vasquez, 567 F.3d at 1054.

Julio Haro-Verdugo's sentence of 316 months' imprisonment is not grossly disproportionate to his crimes—ten serious drug offenses. United States v. Barajas-Avalos, 377 F.3d 1040, 1061 (9th Cir. 2004). Drug trafficking is extremely harmful to society. Harmelin, 501 U.S. at 1002 (Kennedy, J., concurring in part and concurring in the judgment). The mere lack of empirical data underlying the Guidelines' recommendations for these offenses does not demonstrate gross disproportionality.

12. Burgos-Valencia asserts that the district court violated his double jeopardy rights by convicting and sentencing him both for engaging in a continuing criminal enterprise and for conspiring to distribute and to possess with intent to

13

distribute marijuana. We conclude that the district court plainly erred. <u>United States v. Davenport</u>, 519 F.3d 940, 943 (9th Cir. 2008). A drug distribution conspiracy is a lesser-included offense of a continuing criminal enterprise when both charges rely on the same conduct. <u>Rutledge v. United States</u>, 517 U.S. 292, 300 (1996). Here, the indictment alleges the conspiracy as one of the predicate drug offenses for the continuing criminal enterprise count, and we cannot conclude that the jury did not rely on this particular predicate offense. <u>United States v. Schales</u>, 546 F.3d 965, 980 (9th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 1397 (2009). Convicting and sentencing Burgos-Valencia on both counts constitutes plain error. <u>Davenport</u>, 519 F.3d at 947-48. Accordingly, we reverse and remand those convictions for the district court to hold a hearing and then to make a discretionary determination as to which conviction should be vacated. <u>United States v. Hector</u>, 577 F.3d 1099, 1104 (9th Cir. 2009). Upon vacating one of the convictions, the court should reconsider the sentence imposed on Burgos-Valencia.

AFFIRM in part, REVERSE and REMAND in part.