FILED

**NOT FOR PUBLICATION**

DEC 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10585 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00882-JSW-1 |
| v. | |
| MARK JENKINS, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

Before: D.W. NELSON, MURGUIA, and CHRISTEN,[**] Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Judge Christen was drawn to replace Judge Betty Binns Fletcher. Judge Christen has read the briefs, reviewed the record, and listened to oral arguments that were held on October 18, 2012.

Jenkins was convicted of being a felon in possession of a firearm under of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

A defendant has a right to have a jury determine, beyond a reasonable doubt, that he is guilty of every element of the crime with which he is charged. *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995). Jenkins pled no contest in May 2004 when he was charged under California Health and Safety Code Section 11351.5, a felony, and the government argued at trial that this plea satisfied the felony-conviction element of 18 U.S.C. Section 922(g)(1). In accordance with the Ninth Circuit's Model Jury Instructions for a Section 922(g)(1) case, the district court instructed the jury that the government had to prove each of Section 922(g)(1)'s three elements beyond a reasonable doubt and then informed the jury that California Heath and Safety Code Section 11351.5 is a felony. Because no reasonable juror could have interpreted these instructions as requiring him to find that Jenkins had in fact been convicted under California Health and Safety Code Section 11351.5, the instructions comported with due process. *Francis v. Franklin*, 471 U.S. 307, 315 (1985).

A Section 2K2.1(b)(6)(B) sentencing enhancement may be applied if a defendant possessed a firearm "in connection with another felony offense." The

government must prove by a preponderance of evidence that the firearm "had some potential" to "embolden[]" the defendant to commit a felony. *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994). On the night of his arrest Jenkins was in a high-crime area notorious for drug dealing standing with another individual next to an illegally parked car registered to Jenkins's wife. The car was unlocked and the keys were in the ignition. The car contained $1,000 in cash, 92 grams of crack cocaine, and a receipt with Jenkins's alias on it. When the police approached, Jenkins immediately ran away from the car while pulling a loaded firearm from his waistband. The district court did not abuse its discretion in finding, based on all this evidence, that Jenkins's firearm possession had some potential to embolden him to sell crack cocaine.

A district court's denial of a motion for a continuance will be reversed only if it was arbitrary and unreasonable and the appellant demonstrates the denial prejudiced his defense. *United States v. Lopez-Patino*, 391 F.3d 1034, 1038-39 (9th Cir. 2004). It was neither arbitrary nor unreasonable for the district court to conclude that Jenkins, who had known for two weeks that the government would seek a Section 2K2.1(b)(6)(B) enhancement at sentencing, had already received adequate time to prepare a defense. Jenkins also fails to demonstrate any prejudice: he cites no legal authority he might have retrieved had he been given

3

more time to prepare, nor does he argue he could have offered evidence to undercut the government's case if he had been given more time to prepare.

**AFFIRMED.**