**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10288 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03601-DCB-DTF-1 |
| v. | |
| BENJAMIN LOPEZ-PATINO, a.k.a. Johnny Munez, AKA Robert Munoz, a.k.a. Carlos Villa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted April 19, 2013[**]
San Francisco, California

Before: SCHROEDER, SILVERMAN, and BEA, Circuit Judges.

Defendant-Appellant, Benjamin Lopez-Patino, appeals the district court's

imposition of a 120-month sentence for his second conviction for illegal re-entry

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

after being deported, with an enhancement under 8 U.S.C. § 1326(b)(2) because the re-entry followed a conviction for an aggravated felony (child abuse of a six-month old baby). The statutory maximum for this offense is 20 years—double what Appellant received.

This conviction was Appellant's fiftieth (50th) criminal conviction. Previously, Appellant had been convicted of a range of offenses, including drunk driving, burglary, multiple assaults (including once where he tried to run over someone with a vehicle), resisting arrest, child abuse, and illegal re-entry after deportation.

Appellant failed to object to the reasonableness of his sentence at trial, so our review is for plain error. *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006). The district court considered all of the 18 U.S.C. § 3553(a) sentencing factors and had a logical basis for varying upwards from the advisory Sentencing Guidelines. Considering that a prior sentence of 100 months for illegal re-entry had not discouraged Appellant from re-entering the United States yet again, *see United States v. Lopez-Patino*, 391 F.3d 1034 (9th Cir. 2004) (per curiam), the district court did not err in sentencing him to 120 months.

**AFFIRMED.**