FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>PANCHO JOSEPH GARCIA,<br><br>    Defendant - Appellant. | No. 11-10403<br><br>D.C. No. 4:10-cr-00914-FRZ-JCG-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted May 6, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Defendant-Appellant Pancho Garcia challenges his convictions in violation

of 18 U.S.C. § 1153(a) (offenses committed within Indian country) for two counts

of Assault with a Dangerous Weapon with Intent to do Bodily Harm under 18

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 113(a)(3) and one count of Use of a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(iii). Garcia challenges the admission of law enforcement expert testimony, the sufficiency of the evidence, the denial of justification and mistake jury instructions, and the imposition of the § 924(c) sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

a.     Expert Testimony

Garcia challenges the admission of law enforcement expert testimony as irrelevant. We review a district court's decision to admit or exclude evidence for abuse of discretion. *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000); *see also United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc)). We only find that a district court abused its discretion if, despite applying the correct legal rule, the district court's application of the rule was illogical, implausible, or without support in inferences that may be drawn from facts in the record. *Redlightning*, 624 F.3d at 1110. And we may only reverse for an abuse of discretion where such a nonconstitutional error more likely than not affected the verdict. *Edwards*, 235 F.3d at 1178. Here, any error in admitting the expert testimony on typical burglaries was harmless.

2

b.     Sufficiency of the Evidence

Garcia claims there was insufficient evidence for the jury to find that he intended to harm the victims.  We review de novo the denial of a Rule 29 motion for acquittal.  *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994).  "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Lopez-Patino*, 391 F.3d 1034, 1038 (9th Cir. 2004) (quoting *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997)).  Evidence at trial, including Garcia's testimony that he fired a gun at the car in which the victims were riding, provided a sufficient basis for the jury to convict Garcia.

c.     Jury Instructions

Garcia challenges the district court's refusal to give his requested justification and mistake-of-fact jury instructions.  We review the denial of a proposed jury instruction for an abuse of discretion.  *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007).  Garcia was not entitled to a justification instruction because he can provide no legal rule that would justify his conduct.  Garcia was not entitled to a mistake-of-fact instruction because none of the alleged mistakes of

3

fact negated his culpability; even if the facts had been as he claimed to believe, Garcia still could have been found guilty of the offense.

d.      Double Jeopardy

Because Garcia did not object below, we review for plain error. *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007). Garcia's double jeopardy argument fails because Sections 924(c)(1)(A)(iii) and 113(a)(3) each require proof of at least one fact that the other does not. *See United States v. Gonzalez*, 800 F.2d 895, 897-98 (9th Cir. 1986). Garcia's legislative intent argument fails. *See* S. Rep. No. 98-225, at 313 n.8 (1984).

**AFFIRMED.**