**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30284 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00058-JDS-1 |
| v. | |
| ANTHONY JAMES CASTRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted July 10, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Anthony James Castro appeals his jury conviction of assault resulting in

serious bodily injury and assault with a dangerous weapon, in violation of 18

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1153(a) and 113(a)(6), (a)(3).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castro contends there was insufficient evidence for the jury to find that this assault resulted in "serious bodily injury."  He appeals the district court's denial of his Motion for a Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  We review de novo the denial of a Rule 29 motion.  *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994).  "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Lopez-Patino*, 391 F.3d 1034, 1038 (9th Cir. 2004) (quoting *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997)).

Evidence at trial established that Castro stabbed the victim in the cheek and on the side; the wounds required sutures; the victim described his pain as "nine out of ten"; and the nurse who treated the victim testified that he likely experienced "extreme physical pain" and that the cheek wound would likely leave a permanent, "very large" scar on the victim's face.  The scar was visible at the time of trial. Viewing this evidence in the light most favorable to the government, a trier of fact

reasonably could conclude that the assault caused "extreme physical pain" and "protracted and obvious disfigurement." *See* 18 U.S.C. § 1365(h)(3).

**AFFIRMED.**